**J.M.M. CORPORATION, Plaintiff,**

v.

**DISTRICT OF COLUMBIA,
et al., Defendants.**

**No. CIV.A. 02–0406(JR).**

United States District Court,
District of Columbia.

March 31, 2003.

Jonathan L. Katz, Marks & Katz, LLC, Silver Spring, MD, for Plaintiff.

Charles Beverly Barksdale, III, Office of Corporation Counsel, Washington, DC, for Defendants.

### MEMORANDUM

ROBERTSON, District Judge.

Plaintiff J.M.M. Corporation (JMM) does business as "Fun Fair Video" in the

District of Columbia, selling sexually explicit videos and providing booths for viewing sexually explicit films. Fun Fair Video is located in a Community Business Center District ("DD/C-2-C" zone)—a zone that has not been designated for the operation of a sexually oriented business establishment (SOBE)—and does not have a certificate of occupancy to operate as a SOBE, as required by D.C. law. *See* 11 D.C.M.R. §§ 199.1, 744.1, 754.1, 3203, 3205; 12 D.C.M.R. § 118.4. Defendants move to dismiss, or in the alternative, for summary judgment. Upon consideration of the parties' briefs, representations made at the March 5, 2003, status hearing, and the entire record, the motion to dismiss will be granted in part and denied in part.

## Background

In April 2000, the D.C. Department of Consumer and Regulatory Affairs (DCRA) issued JMM a notice of infraction for operating without a proper certificate of occupancy. In June 2000, the DCRA Administrative Law Judge found that JMM, which had obtained a certificate of occupancy for a "video store not sexually oriented," as described in its application for the certificate, was in fact operating a SOBE in a zoning district not designated for such use, and thus, ordered JMM to cease all business. JMM did not cease its operations, however. In September 2001, the DCRA issued additional notices of infraction, and in February 2002, it issued a notice of intent to revoke JMM's non-SOBE certificate of occupancy and a notice of intent to revoke JMM's mechanical amusement license. JMM did not appeal the June 2000 ruling but it did appeal the subsequent administrative actions by the DCRA to the Board of Zoning Adjustment.[1] JMM also sued the District and the DCRA in this Court, seeking a preliminary injunction against enforcement of the administrative rulings. That motion was denied. The District then sued JMM in D.C. Superior Court to enforce the June 2000 decision that ordered JMM to cease business activity, *District of Columbia v. J.M.M. Corp.*, CV 02-5670, and moved to dismiss this instant action based on *Younger* abstention, *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

After a status conference on March 5, 2003, the Court indicated that the defendants' motion to dismiss will be granted for *Younger* abstention, except as to JMM's claim that there is no process for obtaining a SOBE license under the zoning regulations. The Court also ruled that JMM's claim for damages under 42 U.S.C. § 1983 will be stayed pending the outcome of the D.C. administrative and Superior Court proceedings, *Deakins v. Monaghan*, 484 U.S. 193, 203–05, 108 S.Ct. 523, 98 L.Ed.2d 529 (1988). Upon further reflection, however, it is clear that all of JMM's claims challenging the constitutionality of D.C.'s zoning regulations and seeking declaratory and injunctive relief against the District, including the claim that D.C.'s enforcement actions should be enjoined because there is no actual process for obtaining a SOBE license, must be dismissed under *Younger*. The claim for damages under 42 U.S.C. § 1983 will be stayed pending the outcome of the D.C. administrative enforcement proceedings and the D.C. Superior Court proceeding.

JMM cannot pursue its claims in this Court for equitable relief challenging the constitutionality of the District's zoning regulations because of pending state pro-

---

1. These appeals are still pending according to the parties. JMM continues to operate as a SOBE in its current location—it has not relocated, applied for a SOBE license, or ceased its business activities.

ceedings against JMM.[2] *Younger* requires that a federal court abstain from interfering with a pending state enforcement action, unless the enforcement action is motivated by a desire to harass or is conducted in bad faith, or unless the challenged statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph ...." *Younger*, 401 U.S. at 53, 91 S.Ct. 746; *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975). JMM has not alleged, nor does the record indicate, that bad faith motivated the enforcement action or that the zoning regulations are "flagrantly and patently violative of express constitutional prohibitions." Equitable intervention by this Court is not warranted because JMM can raise its constitutional claims by way of a defense in the pending state enforcement proceedings. *See Trainor v. Hernandez*, 431 U.S. 434, 436, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977).

Although the civil enforcement action in D.C. Superior Court was initiated after JMM brought the instant suit in federal court, it is "pending" for the purposes of *Younger* abstention because it was initiated "before any proceedings of substance on the merits" in federal court. *See Hawaii Hous. Auth. v. Midkiff*, 467 U.S. 229, 238, 104 S.Ct. 2321, 81 L.Ed.2d 186 (1984); *Hicks v. Miranda*, 422 U.S. 332, 349, 95 S.Ct. 2281, 45 L.Ed.2d 223 (1975). This Court's refusal to grant a preliminary injunction was not a "proceeding of substance," because the litigation was in its "embryonic stage," *see Doran v. Salem Inn, Inc.*, 422 U.S. 922, 929, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975), and there was no extensive hearing on the matter aside from the hearing on plaintiff's motion for a preliminary injunction, which is routinely held for such motions, LCvR 65.1(d). In addition to the action in D.C. Superior Court, administrative enforcement actions by the District were underway when plaintiff brought its claims to this Court. *See Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc.*, 477 U.S. 619, 627, 106 S.Ct. 2718, 91 L.Ed.2d 512 (1986); *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982) (applying Younger abstention to state administrative proceeding). Even if plaintiffs were correct to assume that they will not be able to raise their constitutional claims in their administrative appeals, they can raise their constitutional claims in the civil enforcement action in D.C. Superior Court, *see* 3/5/03 Tr., which will determine the validity of the administrative rulings that were made subsequent to and based on the June 2000 DCRA decision at issue in *District of Columbia v. J.M.M. Corp.*, CV 02–5670.

Defendant's motion to dismiss accordingly will be granted in part and denied in part. All claims will be dismissed except for plaintiff's claim for damages, which is stayed pending JMM's appeals of the administrative enforcement rulings and the District's civil enforcement action against JMM in D.C. Superior Court.

### ORDER

For the reasons set forth in the accompanying memorandum, defendants' motion to dismiss [# 9] is **denied in part and granted in part**. All claims are dismissed except for plaintiff's claim for damages, which is stayed pending JMM's appeals of the administrative enforcement rulings and

---

**2.** Although the Court of Appeals for the D.C. Circuit has not yet declared whether the District is a state for *Younger* abstention, "every time the question has arisen, we have assumed that the doctrine applies to the District ...." *Bridges v. Kelly*, 84 F.3d 470, 476 n. 8 (D.C.Cir.1996).

the District's civil enforcement action against JMM in D.C. Superior Court.

Plaintiff's motion for leave to file an amended complaint [# 32] is **granted**.